**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Harrison Ben,<br><br>                    Plaintiff,<br><br>vs.<br><br>Office of Navajo and Hopi Indian Relocation,<br><br>                    Defendant. | No. CV-22-08032-PCT-SPL<br><br>**ORDER** |

Before the Court are Plaintiff's Motion for Summary Judgment (Doc. 13) and Defendant's Cross-Motion for Summary Judgment (Doc. 20). Both Motions have been fully briefed. For the reasons that follow, Plaintiff's Motion will be granted, Defendant's Cross-Motion will be denied, and the matter will be remanded for further proceedings.

**I.     BACKGROUND**

   **A. The Settlement Act**

The Navajo–Hopi Settlement Act (the "Settlement Act") authorized a court-ordered partition of land previously referred to as the Joint Use Area, which was occupied by both Navajo and Hopi residents, into the Navajo Partitioned Lands ("NPL") and the Hopi Partitioned Lands ("HPL"). *See* Pub. L. No. 93-531, § 12, 88 Stat. 1716 (1974); *Clinton v. Babbitt*, 180 F.3d 1081, 1084 (9th Cir. 1999). The Settlement Act also created what is now the Office of Navajo and Hopi Indian Relocation ("ONHIR") to disburse benefits to assist with the relocation of Navajo and Hopi residents who then occupied land allocated to the other tribe. *Bedoni v. Navajo-Hopi Indian Relocation*

*Comm'n*, 878 F.2d 1119, 1121–22 (9th Cir. 1989).

### B. Factual and Procedural Background

Plaintiff Harrison Ben is an enrolled member of the Navajo Nation. (Doc. 14 at 1). Plaintiff filed an Application for Relocation Benefits, which was denied by ONHIR based on a finding that he was not a head of household when he moved off the HPL. (Doc. 14 at 2). Plaintiff appealed, and a hearing was held before an Independent Hearing Officer ("IHO") on August 5, 2016. (Doc. 14 at 3). On October 21, 2016, the IHO denied Plaintiff's appeal and upheld ONHIR's denial of benefits, finding that at the time Plaintiff became a head of household in 1980, he was no longer an HPL resident. (Doc. 10 at 200). On November 8, 2016, ONHIR issued Final Agency Action in Plaintiff's case. (Doc. 14 at 9). On February 18, 2022, Plaintiff initiated this action seeking judicial review of ONHIR's denial of relocation benefits. (Doc. 1).

## II. LEGAL STANDARDS

### A. Summary Judgment

Generally, summary judgment should be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When conducting judicial review of an administrative agency's action, "there are no disputed facts that the district court must resolve." *Occidental Eng'g Co. v. Immigr. & Naturalization Serv.*, 753 F.2d 766, 769 (9th Cir. 1985). Rather, "the function of the district court is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did." *Id.* Summary judgment is therefore "an appropriate mechanism for deciding the legal question of whether [an] agency could reasonably have found the facts as it did." *Id.* at 770.

### B. APA Standards of Review

The Court's review of the IHO's decision under the Settlement Act is governed by the Administrative Procedure Act ("APA"). *See Hopi Tribe v. Navajo Tribe*, 46 F.3d 908, 914 (9th Cir. 1995). Under the APA, the Court must uphold agency action unless it was

"arbitrary, capricious, an abuse of discretion, not in accordance with law, or unsupported by substantial evidence." *Bedoni*, 878 F.2d at 1122.

An ONHIR decision satisfies the "arbitrary and capricious" standard if "the agency examine[s] the relevant data and articulate[s] a satisfactory explanation for its action, including a rational connection between the facts found and the choice made." *Hopi Tribe*, 46 F.3d at 914 (internal quotation marks omitted). This scope of review is narrow, and the Court may not "substitute its judgment for that of the agency." *Id.* (internal quotation marks omitted). Still, a decision is arbitrary and capricious "if the agency . . . entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). Likewise, if an agency "fails to follow its own precedent or fails to give a sufficient explanation for failing to do so," its decision is arbitrary and capricious. *Andrzejewski v. Fed. Aviation Admin.*, 563 F.3d 796, 799 (9th Cir. 2009).

An agency's decision satisfies the "substantial evidence" standard if it is supported by "such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995). The standard requires "more than a mere scintilla but less than a preponderance" of evidence. *Id.* The IHO may "draw inferences logically flowing from the evidence." *Gallant v. Heckler*, 753 F.2d 1450, 1453 (9th Cir. 1984). "Where evidence is susceptible of more than one rational interpretation," the IHO's decision must be upheld. *Id.*

### C. The Settlement Act and Associated Regulations

A Navajo applicant is eligible for benefits under the Settlement Act if he was a legal resident of the HPL as of December 22, 1974 and was a head of household at the time he moved off of the HPL. 25 C.F.R. §§ 700.147(a), 700.69(c); *Begay v. Off. of Navajo & Hopi Indian Relocation*, 305 F. Supp. 3d 1040, 1044 (D. Ariz. 2018). The applicant bears the burden of proving both the residency and head-of-household

elements. 25 C.F.R. § 700.147(b).

Under the applicable regulations, determining an applicant's residence "requires an examination of a person's intent to reside combined with manifestations of that intent." 49 Fed. Reg. 22,278; *see also Charles v. Off. of Navajo & Hopi Indian Relocation*, 774 Fed. Appx. 389, 390 (9th Cir. 2019). Such manifestations of intent may include ownership of livestock, ownership of improvements, grazing permits, livestock sales receipts, homesite leases, public health records, medical records, school records, military records, employment records, mailing address records, banking records, driver's license records, voting records, home ownership or rental off the Joint Use Area, census data, Social Security records, marital records, court records, birth records, the Joint Use Area roster, and any other relevant data. 49 Fed. Reg. 22,278. "An individual who was, on December 22, 1974, away from the land partitioned to the Tribe of which he/she is not a member may still be able to prove legal residency." 49 Fed. Reg. 22,277.

A "head of household" is defined as an "individual who speaks on behalf of the members of the household and who is designated by the household members to act as such." 25 C.F.R. § 700.69(b). A single person constitutes a "household" if he "actually maintained and supported" himself. *Id.* § 700.69(a)(2). ONHIR "has recognized that an applicant who earned at least $1,300 per year can make a prima facie showing of self-supporting status." *Ambrose v. Off. of Navajo & Hopi Indian Relocation*, No. CV-21-08133-PCT-DLR, 2022 WL 3921115, at *3 (D. Ariz. Aug. 31, 2022). Still, "the $1,300 income threshold is not an absolute rule, and . . . an applicant who earns less than $1,300 in yearly earnings may qualify as self-supporting under the regulations if other evidence establishes that the applicant is self-supporting." *George v. Off. of Navajo & Hopi Indian Relocation*, 825 F. App'x 419, 421 (9th Cir. 2020).

**III.   DISCUSSION**

Plaintiff argues that the IHO's decision was erroneous for three reasons: (1) the IHO's credibility findings are not supported by substantial evidence; (2) the finding that Plaintiff relocated from the HPL prior to 1980 is not supported by substantial evidence;

4

and (3) the finding that Plaintiff did not become a head of household until 1980 is not supported by substantial evidence. The Court need only address the first issue.

"When the decision of an [IHO] rests on a negative credibility evaluation, the [IHO] must make findings on the record and must support those findings by pointing to substantial evidence on the record." *Ceguerra v. Sec'y of Health & Hum. Servs.*, 933 F.2d 735, 738 (9th Cir. 1991) (citation omitted). The Ninth Circuit has further explained that "if an [IHO] has grounds for disbelieving material testimony, it is both reasonable and desirable to require the ALJ to articulate those grounds in the original decision." *Id.* at 740. Still, an IHO's credibility findings are typically "granted substantial deference by reviewing courts." *De Valle v. Immigr. & Naturalization Serv.*, 901 F.2d 787, 792 (9th Cir. 1990) (citations omitted). This is because it is the IHO who is "in a position to observe [a witness]'s tone and demeanor, to explore inconsistences in testimony, and to apply workable and consistent standards in the evaluation of testimonial evidence." *Sarvia-Quintanilla v. U.S. Immigr. & Naturalization Serv.*, 767 F.2d 1387, 1395 (9th Cir. 1985). As the Ninth Circuit has put it, the IHO is thus "uniquely qualified to decide whether a [witness]'s testimony has about it the ring of truth." *Id.* That said, the fact remains that "an adverse credibility finding must be supported by specific, cogent reasons, and cannot be based on speculation and conjecture." *Shire v. Ashcroft*, 388 F.3d 1288, 1295 (9th Cir. 2004).

Here, the IHO's "Credibility Findings" as to Plaintiff's testimony were as follows:

> Applicant testified about his residences, about his education, he testified about his employment, and he testified about his family and marital circumstances. Except for applicant's testimony about his return visits to Tolani Lake [on the HPL] after 1977 which the undersigned finds to be exaggerated, applicant is a credible witness.

(Doc. 10 at 198). Nowhere in the decision does the IHO explain *why* he found Plaintiff's testimony regarding his return visits to Tolani Lake to be exaggerated and not credible. The only other references to Plaintiff's trips to Tolani Lake are conclusory statements that those trips were for visitation purposes, insufficient to maintain legal residency.

(Doc. 10 at 198, 200, 201, 202). But merely stating a conclusion contrary to Plaintiff's testimony is not a specific or cogent reason for discrediting the testimony—as emphasized by the case law cited by Plaintiff.

Most notably, in *Beam v. Office of Navajo and Hopi Indian Relocation*, this Court found that an IHO failed to provide substantial evidence to support negative credibility findings regarding two witnesses' testimony about the frequency of a plaintiff's visits to the HPL. --- F. Supp. 3d ---, 2022 WL 3716497, at *7 (D. Ariz. Aug. 29, 2022). Specifically, the IHO's credibility finding regarding the plaintiff's testimony stated that the plaintiff "is a credible witness except about the frequency of her visitation to her grandparents' residence [on the HPL] which the undersigned finds to be exaggerated and not credible"—essentially the same as the IHO's finding regarding Plaintiff's credibility in this case. *Id.* at *4. Like in this case, the Court found in *Beam* that the rest of the IHO's decision did not contain specific, cogent reasons to support the adverse credibility findings and therefore remanded the case. *Id.* at *6–7; *see also Tsosie v. Off. of Navajo & Hopi Indian Relocation*, 771 F. App'x 426, 427 (9th Cir. 2019) (finding that a denial of benefits was not supported by substantial evidence where the IHO "offered conclusory statements supporting his conclusion that [the plaintiff's] and her sister's testimony about how much [the plaintiff] earned from babysitting services was not credible, while concluding the rest of the testimony was credible"); *Mike ex rel. Mike v. Off. of Navajo & Hopi Indian Relocation*, No. CV 06-0866-PCT-EHC, 2008 WL 54920, at *7 (D. Ariz. Jan. 2, 2008) (ordering remand where "the [IHO] failed to explain why he found the witnesses credible in some respects but not in others"). Defendant makes no meaningful effort to distinguish the IHO's decisions in *Beam*, *Tsosie*, and *Mike* from the decision at issue here, instead merely restating the holdings of the cited cases. (Doc. 20 at 14).

Rather, Defendant's argument for why the IHO's credibility findings do not constitute reversible error is that, because the IHO found that Plaintiff relocated from the HPL in 1980, "any return visits [Plaintiff] made to the HPL from 1977 to 1979 [are] irrelevant." (Doc. 20 at 14). In other words, Defendant argues that the IHO's failure to

support his finding that Plaintiff's testimony about his visits to the HPL was exaggerated is harmless error. Where, as here, an IHO fails to provide any reasons for a negative credibility finding, "a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable [IHO], when fully crediting the testimony, could have reached a different [eligibility] determination."[1] *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006); *see Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162–63 (9th Cir. 2008). In this case, the Court cannot so conclude.

Even assuming, as Defendant argues, that Plaintiff's visits to the HPL from 1977 to 1979 are irrelevant,[2] the IHO noted in his "Conclusions of Law" that Plaintiff continued to visit the HPL in 1980 and beyond. (Doc. 10 at 200). Specifically, the IHO concluded that when Plaintiff become employed full-time in Gallup, New Mexico in 1980 such that he became a head of household, "Gallup became [Plaintiff's] legal residence as he lived with his wife[-]to-be and her son there, he worked there, and his return visits to Tolani Lake were for visitation purposes and not for the purpose of maintaining a legal residence there." (Doc. 10 at 200). Although it is a close question, this Court cannot confidently say that if Plaintiff's testimony were fully credited, no reasonable IHO could have found otherwise. The dates and sequence of events to which Plaintiff testified are confusing at times, but at least some of his testimony suggests that

---

[1] *Carmickle* identifies *Stout* as setting forth the harmless error standard when an agency adjudicator fails to provide any reason for rejecting evidence and *Batson v. Commissioner of the Social Security Administration*, 359 F.3d 1190 (9th Cir. 2004), as setting forth the harmless error standard when an agency adjudicator provides specific reasons supporting an adverse credibility finding. The *Batson* standard holds that an error is harmless "so long as there remains 'substantial evidence supporting the [agency adjudicator's] conclusions on credibility' and the error 'does not negate the validity of the . . . ultimate credibility conclusion.'" *Carmickle*, 533 F.3d at 1162 (quoting *Batson*, 359 F.3d at 1197). Because the Court finds no other reasons or evidence supporting the IHO's credibility determination, the Court cannot conclude that the determination is valid or harmless. *Cf. Batson*, 359 F.3d at 1197 (finding harmless error where one of the agency adjudicator's reasons for discrediting a claimant's testimony was not supported by the record but two other reasons were, such that there was substantial evidence to support the ultimate credibility determination).

[2] This does not appear to be the case as the IHO's decision found that Plaintiff could not "be recognized as a legal resident of Tolani Lake at any time after he reached the age of 18 years old," which was in 1976. (Doc. 10 at 202).

he may have made continuous visits to the HPL with indicia of residency through the time he undisputedly became a head of household when he married. (Doc. 10 at 92–94). To be clear, the Court reaches no conclusions regarding Plaintiff's residency or head of household status except to the extent that it cannot confidently conclude that no reasonable IHO could have found Plaintiff eligible for relocation benefits if the IHO had credited Plaintiff's testimony in full. Accordingly, the IHO's failure to support his determination that Plaintiff's testimony about his visits to the HPL was exaggerated with specific, cogent reasons and substantial evidence was not harmless, and the IHO's decision must be reversed.

"If the record before the agency does not support the agency action, . . . the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Begay v. Off. of Navajo & Hopi Indian Relocation*, No. CV-16-08221-PCT-DGC, 2017 WL 4297348, at *4 (D. Ariz. Sept. 28, 2017). The rare circumstances where remand is not appropriate exist when "the reviewing court finds that the record clearly demonstrates an applicant's eligibility for relocation benefits." *Id.* Here, as noted, Plaintiff's testimony was confusing at times, and this Court reaches no conclusions from the record regarding when Plaintiff relocated from the HPL or became a head of household. The Court thus remands this matter for a properly supported decision giving due consideration to the evidence.

///
///
///
///
///
///
///
///
///

**IT IS THEREFORE ORDERED:**

1. That Plaintiff's Motion for Summary Judgment (Doc. 13) is **granted**;
2. That Defendant's Cross-Motion for Summary Judgment (Doc. 20) is **denied**;
3. That this matter is **remanded** for further proceedings consistent with this Order; and
4. That the Clerk of Court shall enter judgment accordingly and **terminate** this action.

Dated this 21st day of February, 2023.

Honorable Steven P. Logan
United States District Judge